State *vs.* Lafleur and Lafleur.

No. 841.

THE STATE vs. JOSEPH LAFLEUR AND BAPTISTE LAFLEUR.

It is too late after verdict to object to want of service of the venire upon the prisoner.
When the verdict is expressed improperly, or otherwise improperly framed, it is competent for the judge to so inform the jury, to give them new directions thereon, and send them back to act upon them.

APPEAL from the District Court for Lafourche.   BEATTY, J.

*T. L. Winder*, District Attorney, for the State.   *Billieu* for Defendant.

EGAN, J.   The accused were indicted, found guilty, and sentenced under an indictment containing three counts : —

1. For feloniously and burglariously entering in the night time, without breaking, with intent to kill, rob, and steal, a store house which was part of a dwelling house, and occupied therewith by one Smith.

The second count being for petty larceny, and the third, for feloniously, maliciously, and unlawfully committing an assault on said Smith with intent to kill and murder ; all the offences being charged to have been committed at the same time and place.

The case is before us on a motion in arrest of judgment.   The first ground taken is that the case was assigned for trial on Friday of the

State *vs.* Lafleur and Lafleur.

first week, and then reassigned for Tuesday of the second week, and no copy of the venire for the second week served on the accused. No objection was made on this score till after verdict, and it is now too late.    State *v.* Cook, 20 A. 145 ; 12 A. 679.

The second ground is that the accused are charged not only with the intent to commit the crime, but with committing the crime itself, into which the intent is merged.    This is a misapprehension of counsel.    The crime charged in the first count is the substantive statutory one of *entering* in the night time, with intent to commit the crime stated, and not the intent to enter, etc., — all of the offences were charged to have been committed in one continuous, unlawful transaction, and were properly joined in the same indictment, but in separate counts, being distinct offences.    4 A.  434–5 ;  8 A.  114 ;  20 A. 145.

The third ground is based on the following facts, which appear of record : —

The jury, after deliberating, first returned into court a verdict in this language : " Both guilty of the three, entering, petty larceny, and assault with intent to kill, within three charges," written on the indictment.

The judge states, and it so appears of record, that when the verdict was brought in, he accepted and ordered recorded the verdict as to the second and third counts, but not the first.    That he instructed the jury that there was no such crime as " entering," and directed them to retire and bring in a verdict responsive to the first count ; whereupon they retired, and soon returned with a verdict of " guilty on first *ac*count," whereupon the judge gave the jury instructions as to the proper spelling, and they retired, and soon returned with the letters " *ac* " erased, and the verdict, which then read, " guilty on first count," was accepted and recorded.

The objections urged by the counsel for the accused are : 1. That the first verdict was set aside by the jury, and the accused cannot therefore be sentenced for anything under said verdict.    2. That the first count had merged in the other two, and an acquittal on said two counts discharged the defendants from the first count.    3. That no such verdict can be rendered as " guilty *on* first account " or count, and if it meant to be guilty *of* first count, that the defendants are discharged from punishment of all and singular the other two counts.

State *vs.* Lafleur and Lafleur.

The first ground of objection is not sustained by the facts in the record.

The jury did not, and could not set aside their first verdict. It was accepted and made of record by order of the court so far as it was responsive, *i.e.*, as to the second and third counts. It would perhaps have been better had the jury been directed by the court as to the proper manner of framing their verdict, so as to respond to all these counts, but it is quite probable, as the judge says, that it might have resulted to the detriment of the accused who had been found by the first verdict guilty of assault *with intent to kill*, instead of kill and murder.

We are not prepared to say that the judge erred, however.

It may have been competent for the jury to find a general verdict of guilty, or not guilty, which would have covered all the counts, or to find, as they did, under each separate count.

Neither did the verdict in proper form on the second and third counts amount to an acquittal on the first count, as it would have done had the jury said nothing in regard to the first count in the verdict as first returned.

They evidently intended to find the accused guilty under the first count also, but had not properly worded their verdict so as to make it legally responsive.   Wharton's Am. Crim. Law, vol. 1, 5421.

When, however, as in this case, the offences charged in the several counts were in themselves distinct, and subject to distinct punishment, it was proper for the court and perhaps necessary, to require the jury to pass upon each count separately.   See Waterman's Crim. Dig., p. 639; 523–4, and authorities cited.

The jury did not set aside their first verdict, and there was no objection to the accused being sentenced under so much of the verdict as was responsive.

The authorities just cited, and the distinct nature and character of the offences charged in the second and third counts, in which that charged in the first is not embraced, sufficiently shew the fallacy of the second ground of objection; besides the defendants were not acquitted, but on the contrary, were found guilty under the other two counts.

The third objection that no such verdict as guilty on first "account" or "count" can be rendered is a mere play upon words.

The verdict on that count, as last rendered, was in the usual and proper form.

Neither is it true that the accused were thereby discharged from punishment under the other two counts.

This could only be for one of two reasons: 1. Had the jury found a verdict on that count *only*, as we have already seen they did not. 2. In case the crime or offence embraced in the first count included and embraced those charged in the second and third counts. We have already seen that it did not, and that each of the three counts charged a separate and distinct offence, subject to a distinct and separate punishment, though committed at the same time and place, and all connected with the same transaction.

No objection was made, if it could have been made, to duplicity in pleading, and it is now too late if it were urged.

The fourth ground of the motion in arrest is, that entering a public store just after dark, when the store is lighted up, and the proprietor ready to trade, is not such as entering in the night time without breaking, as required by section 854 of the Revised Statutes.

Of this it is only necessary to say that the point is not properly before us, as it was before the court in the case cited by defendant's counsel found in note on p. 384, vol. 2d, Archibold's Crim. Practice and Pleading, in which the case was presented on exceptions taken to instructions as to what facts were sufficient to constitute the offence of breaking.

There is no bill of exceptions or charge of the judge on that subject before us, and we cannot and do not know what facts were before the jury, or what pertinence this objection has to these facts, or any opinion expressed, or charge given or refused by the judge *a qua*, regarding them if proved.

*Judgment affirmed.*